United States District Court
District of Minnesota
Civil No. 18-42(DSD/BRT)

Lieutenant Colonel Chantell M. Higgins,

        Plaintiff,

v.

Save Our Heroes,

        Defendant.

    Adine S. Momoh, Esq. and Stinson Leonard Street LLP, 150 South Fifth Street, Suite 2300, Minneapolis, MN, counsel for plaintiff.

    Zorislav R. Leyderman, Esq. and The Law Office of Zorislav R. Leyderman, 222 South 9th Street, Suite 1600, Minneapolis, MN, counsel for defendant.

    This matter is before the court upon the motion to dismiss by defendant Save Our Heroes.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

    This defamation suit arises out of defendant Save Our Heroes's (SOH) blog post concerning the Naval Criminal Investigative Service's (NCIS) investigation of plaintiff Lieutenant Colonel Chantell Higgins.  In March 2015, NCIS accused Higgins of "destroying, falsifying and tampering with evidence and obstructing justice" in connection with her previous representation of a military minor dependent.  Compl. ¶¶ 15-18.

On March 24, 2015, the <u>Marine Times</u> published an article about the NCIS investigation, which Higgins claims became the source of later allegedly defamatory articles about her. <u>Id.</u> ¶ 24.  One day later, Joseph Jordan, a criminal defense attorney, also posted an article on the NCIS investigation, which contained factual errors.[1] <u>Id.</u> ¶¶ 25-26.

In early April 2015, NCIS closed its investigation of Higgins, and on April 30, 2015, the Commander of Marine Corp Installations Command determined that the allegations against Higgins were unsubstantiated and closed the case. <u>Id.</u> ¶¶ 20-21.  Additionally, the Officer in Charge of the Marine Corps Victims Legal Counsel Organization declined to pursue any professional responsibility action against Higgins.  <u>Id.</u> ¶ 22.

Nearly two years after the end of the investigation, in March 2017, SOH republished Jordan's 2015 article with the addition of its own commentary. <u>Id.</u> ¶¶ 29, 34.  SOH did not disclose that the NCIS investigation was closed and that no charges had been filed against Higgins. <u>Id.</u> ¶¶ 32, 35.  Before publishing the article, SOH was allegedly aware that Jordan's article was factually incorrect. <u>Id.</u> ¶ 31.  In December 2017, after receiving a cease and desist letter from Higgins's counsel, SOH removed the March 2017 article from its website. <u>Id.</u> ¶ 36.  Higgins alleges,

---

[1] Both the <u>Marine Times</u> article and the Jordan article were later removed and are not the subject of this suit. <u>See</u> <u>id.</u> ¶¶ 24, 28.

however, that parts of the article still exist online. Id. ¶ 37; see id. Ex. A. She also alleges that SOH has republished the article by coordinating with third parties. Id. ¶ 37.

On January 1, 2018, Higgins filed suit against SOH alleging claims of (1) defamation and libel, (2) intentional inflection of emotional distress, and (3) negligent infliction of emotional distress. SOH now moves to dismiss arguing that (1) the court lacks personal jurisdiction, and (2) the complaint fails to state upon which relief can be granted.

## DISCUSSION

### I.   Personal Jurisdiction

#### A.   Standard

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384

F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted).  Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."  Romak, 384 F.3d at 984.  "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court" here.  Coen, 509 F.3d at 905 (citation and internal quotation marks omitted).

A defendant's contacts with the forum state can establish personal jurisdiction under either general or specific jurisdiction.  General jurisdiction is present when, regardless of the cause of action, a defendant's "affiliations with the [forum] State are so continuous and systematic as to render [it] essentially at home in the forum State."  Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (internal quotation marks omitted)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).  A court has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state and when a defendant "purposefully avails itself

4

of the privilege of conducting activities within the forum State."
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 474-75
(1985)(citation and internal quotation marks omitted).

Under either analysis, the Eighth Circuit considers five
factors in determining whether personal jurisdiction exists:  "(1)
the nature and quality of defendant's contacts with the forum
state; (2) quantity of contacts; (3) source and connection of the
cause of action with those contacts; and to a lesser degree, (4)
the interest of the forum state; and (5) the convenience of the
parties."  Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.,
65 F.3d 1427, 1432 (8th Cir. 1995).

### B.  Sufficiency of Contacts

#### 1.  Website

Higgins first argues that SOH's internet contacts with
Minnesota via its website are sufficient to subject it to the
court's personal jurisdiction.  The Eighth Circuit has adopted the
Zippo test when considering the quality and quantity of a
defendant's internet contacts with the forum state.[2]  Johnson v.
Arden, 614 F.3d 785, 796 (8th Cir. 2010).  The Zippo test applies
a sliding scale to measure the likelihood of personal jurisdiction.
Id.  When a "defendant enters into contracts with residents of a

---

[2] The Eighth Circuit has noted that the Zippo test is more
applicable to a specific personal jurisdiction analysis, but has
also applied it to determine whether general jurisdiction exists.
See Lakin v. Prudential Sec., Inc., 348 F.3d 704, 712 (8th Cir.
2003).

foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper." Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1224 (W.D. Pa. 1997). Jurisdiction is not proper, however, when a website "do[es] little more than make information available to those who are interested." Id. In cases where the website is interactive and "a user can exchange information with the host computer," the court must examine the level of interactivity and commercial nature of the exchange of the information. Id.

Here, SOH's website, http://saveourheroesproject.org, only presents information and opinions to users, it does not sell products to, or target customers from, Minnesota, and it does not allow readers to post comments or other information. James Decl. I ¶¶ 10-14. This type of passive website is not sufficient to confer personal jurisdiction.

Higgins argues, however, that the court should consider SOH's Facebook account, where SOH posted an excerpt of the purportedly defamatory article and a link to the full article. See Higgins Decl. ¶ 12; id. Ex. A. SOH's website also contains links to Twitter and Facebook where users can comment on articles that were posted on the website. In addition, Higgins points to SOH's main website, www.saveourheroesproject.com, where SOH seeks donations and volunteers.

These types of activities, however, are insufficient for personal jurisdiction.  First, general jurisdiction does not exist because these activities are neither continuous nor systematic such that SOH could be considered at home in Minnesota.  Indeed, the current record shows that SOH has not received a single donation from Minnesota.  See James Decl. II, Ex. B.  Second, the fact that SOH seeks donations and volunteers through its website is insufficient for specific personal jurisdiction because Higgins's claims do not arise from these activities.  Finally, the ability of users to comment on SOH's posts via Facebook or Twitter cannot subject SOH to specific personal jurisdiction because there is no evidence that these activities are particularly connected to Minnesota.  Indeed, if the use of a Facebook page or Twitter handle was sufficient to confer personal jurisdiction, a defendant could be haled into court in any state.

### 2.  **Calder** Effects Test

Higgins next argues that personal jurisdiction exists because SOH's actions were directed at Minnesota.  Under the Calder effects test

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered – and which the defendant knew was likely to be suffered – [in the forum state].

Johnson, 614 F.3d at 796 (internal quotation marks and citation omitted)(alteration in original).   Even where the effects of a defendant's actions are felt in the forum state, this test is "merely an additional factor to consider when evaluating a defendant's relevant contacts." Id. at 796-97.

Higgins argues that SOH's blog post creates sufficient contacts with Minnesota because she is a Minnesota citizen and suffered emotional distress and embarrassment in front of family, who also live in Minnesota.[3]   But this does not show that SOH's acts "were uniquely or expressly aimed at" Minnesota. Id. at 796. SOH may have directed its actions at Higgins, but Calder requires that SOH's actions be directed at Minnesota. See id. ("The statements were aimed at the [plaintiffs] ....   There is no evidence that the ... website specifically targets Missouri, or that the content of [defendant's] alleged postings specifically targeted Missouri.").   Further, the fact that SOH may have known that Higgins is a Minnesota citizen does not change the analysis. See Wood v. Kapustin, 992 F. Supp. 2d 942, 946 (D. Minn. 2014)(holding that the court did not have personal jurisdiction under Calder where plaintiff alleged that defendants knew she practiced law in Minnesota and included her Minnesota address on the defamatory website at issue).   As a result, Higgins has failed

---

[3] Higgins also points to SOH's solicitation of volunteers and donations, but this is irrelevant to the Calder effects test because they are unrelated to SOH's allegedly tortious acts.

to make a prima facie showing of personal jurisdiction.

## II.  Jurisdictional Discovery

Higgins requests that she be allowed to conduct jurisdictional discovery to determine if SOH has sufficient contacts for general jurisdiction.  To obtain leave to conduct jurisdictional discovery, a plaintiff must offer "documentary evidence, and not merely speculations or conclusory allegations." Steinbuch v. Cutler, 518 F.3d 580, 589 (8th Cir. 2008).  Higgins speculates that SOH may have received donations from Minnesota because SOH's record of donations is redacted.  See James Decl. II Ex. B.  But the only redacted items are the names and email addresses of SOH's donors – the donor's states are not redacted.  Higgins's bare allegation is insufficient to overcome SOH's evidence that it has not received or solicited donations from Minnesota.  See James Decl. II ¶ 10; id. Ex. B.  As a result, the court will not allow jurisdictional discovery.

## III. Failure to State a Claim

Because the court concludes it does not have personal jurisdiction over SOH, it need not address SOH's argument that the complaint fails to state a claim.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  Defendant's motion to dismiss [ECF No. 8] is granted; and

2.  The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: May 14, 2018


                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court